```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**MARTIN P. SHEEHAN,**

        **Appellant,**

v.                      //   Civil Action Nos. 1:13CV165 &
                             1:13cv166
                                   (Judge Keeley)
                             Bk. No. 10-bk-888
                                   (Judge Flatley)

**KARL K. WARNER,**

        **Appellee.**

### MEMORANDUM OPINION AND ORDER AFFIRMING THE ORDER OF THE BANKRUPTCY COURT AND DISMISSING CASES WITH PREJUDICE

The appellant, Martin Sheehan("Sheehan"), appeals from an order of the United States Bankruptcy Court for the Northern District of West Virginia entered on August 20, 2011, denying his motion pursuant to Rule 60(b) seeking reconsideration of an order entered on July 1, 2011. (1:13cv165, Dkt. No. 1-30). Sheehan also has filed a motion to withdraw the reference,[1] (1:13cv166, dkt. no. 1-2), and two motions to consolidate. (1:13cv165, Dkt. No. 5; 1:13cv166, Dkt. No. 3). For the reasons that follow, the Court **AFFIRMS** the order of the bankruptcy court, and **DENIES AS MOOT** Sheehan's motions for consolidation and to withdraw the reference.

---

[1] Pursuant to the Rules of General Practice and Procedure, Sheehan opened a separate case, 1:13cv166, in order to file his motion to withdraw the reference.

**SHEEHAN v. WARNER**                                     **1:13CV165, 1:13CV166**

**MEMORANDUM OPINION AND ORDER AFFIRMING
THE ORDER OF THE BANKRUPTCY COURT AND
DISMISSING CASES WITH PREJUDICE**

## I.  PROCEDURAL BACKGROUND

This case has a complicated procedural history. On April 22, 2010, Benjamin F. Warner ("the Debtor") filed a petition for bankruptcy pursuant to Chapter 7 of the United States Bankruptcy Code.  On July 30, 2010, Sheehan, the bankruptcy trustee of the Debtor's estate, brought an adversary proceeding against the Appellee, Karl Warner ("Warner"), alleging that the Debtor's transfer of his interest in McCoy Farm, LLC ("McCoy Farm") to Warner constituted a fraudulent conveyance of bankruptcy estate property. Sheehan v. Warner, Case No. 10-ap-100, 2011 WL 3510736, at *4 (Bankr. N.D.W.Va. July 1, 2011).

On March 11, 2011, Sheehan filed a motion for summary judgment, which the bankruptcy court denied in a Memorandum Opinion and Order entered on July 1, 2011, (1:13cv165, dkt. no. 1-13). In that order, the bankruptcy court found that Sheehan had failed to establish that a transfer of bankruptcy estate property had occurred, either within the meaning of 11 U.S.C. §§ 437 and 548, or under applicable state law.  Id. Sheehan then filed a motion to reconsider the denial of his motion, (1:13cv165, dkt. no. 1-15), which the bankruptcy court denied on August 2, 2011, stating that

2

**SHEEHAN v. WARNER**                              **1:13CV165, 1:13CV166**

**MEMORANDUM OPINION AND ORDER AFFIRMING
THE ORDER OF THE BANKRUPTCY COURT AND
DISMISSING CASES WITH PREJUDICE**

it had already addressed his arguments in its July 1, 2011 Memorandum Opinion and Order. (1:13cv165, Dkt. No. 1-17).

Shortly after receiving the bankruptcy court's order of July 1, 2011 denying his motion for summary judgment, Sheehan filed a second motion for summary judgment on July 6, 2011, in which he sought a declaration that the Debtor's membership interest in McCoy Farm was property of the bankruptcy estate. On November 29, 2011, the bankruptcy court granted that motion, finding that the Debtor's membership interest in McCoy Farm was, in fact, property of the bankruptcy estate. Sheehan, 10-ap-100 at 4. The bankruptcy court then closed the case.

Subsequently, Sheehan filed a complaint with this Court on December 2, 2011, (1:11cv193, dkt. no. 1), seeking a declaration that McCoy Farm's Operating Agreement required the dissolution of the farm inasmuch as the Debtor had filed for bankruptcy. On February 21, 2012, Sheehan filed a motion for summary judgment,(1:11cv193, Dkt. No. 15), which this Court referred to the bankruptcy court on April 23, 2012, pursuant to 28 U.S.C. 157(a), (b)(1), and (c)(1). (1:11cv193, Dkt. No. 29).

Upon referral, the bankruptcy court opened a new adversary proceeding for the case, docketed as 12-AP-35. After the

3

**SHEEHAN v. WARNER**   **1:13CV165, 1:13CV166**

**MEMORANDUM OPINION AND ORDER AFFIRMING
THE ORDER OF THE BANKRUPTCY COURT AND
DISMISSING CASES WITH PREJUDICE**

---

completion of briefing, the bankruptcy court denied Sheehan's motion on September 27, 2013. <u>Sheehan v. Warner</u>, 480 B.R. 641, 655-56 (Bankr. N.D.W.Va. 2012)(holding that the Operating Agreement provisions which purported to dissolve McCoy Farm upon the Debtor's filing of bankruptcy were unenforceable *ipso facto* clauses under 11 U.S.C. § 541(c)).

On October 1, 2012, Sheehan filed a motion asking the bankruptcy court to reconsider its July 1, 2011 Memorandum Opinion denying his original motion for summary judgment , (1:13cv165, dkt. no. 1-13), and its August 2, 2011 Order, denying a subsequent motion to reconsider. (1:13cv165, Dkt. No. 1-17). The bankruptcy court then reopened the initial adversary proceeding in order to rule on the motion for reconsideration. It conducted a hearing on that motion on March 19, 2013, at which Sheehan conceded that the orders he sought to have the court reconsider were in fact interlocutory. (1:13cv165, Dkt. No. 1-30).

Consequently, in an order entered April 25, 2013, (1:13cv165, dkt. no. 1-30), the bankruptcy court denied Sheehan's motion for reconsideration as untimely filed, finding that, because Sheehan was seeking review of interlocutory orders, he should have filed his motions prior to the entry of final judgment in the case.

**SHEEHAN v. WARNER**                                      **1:13CV165, 1:13CV166**

**MEMORANDUM OPINION AND ORDER AFFIRMING
THE ORDER OF THE BANKRUPTCY COURT AND
DISMISSING CASES WITH PREJUDICE**

Sheehan appealed that order to this Court on July 3, 2013. (1:13cv165 Dkt. No. 1). He then opened a separate case, 1:13cv166, in which he filed a motion to withdraw the reference and requested that, in the event his appeal in 1:13cv165 was successful, the Court withdraw its referral order, rather than remand the case to the bankruptcy court. He later filed two motions to consolidate cases nos. 1:13cv165 and 1:13cv166.

## II. LEGAL STANDARD

Pursuant to Fed. R. Bankr. P. 8013, this Court functions as an appellate court whenever it reviews a bankruptcy court's order, and it may affirm, modify, reverse, or remand with instructions for further proceedings. Rulings on Rule 60(b) motions for reconsideration are within the bankruptcy court's discretionary authority; as such, they are reviewed on appeal for abuse of discretion. See Shultz v. Butcher, 24 F.3d 626, 630 (4th Cir. 1994).

## III. DISCUSSION

Sheehan argues that the bankruptcy court abused its discretion in denying his Rule 60(b) motion for reconsideration by misconstruing his motion as a request to reconsider interlocutory orders. He contends that he intended to seek reconsideration of

5

**SHEEHAN v. WARNER**                                        **1:13CV165, 1:13CV166**

**MEMORANDUM OPINION AND ORDER AFFIRMING
THE ORDER OF THE BANKRUPTCY COURT AND
DISMISSING CASES WITH PREJUDICE**

the bankruptcy court's final order granting him declaratory, rather than monetary, relief.

A careful review of the record in this case belies Sheehan's argument. It is clear that the bankruptcy court properly construed Sheehan's motion for reconsideration as an attempt to seek relief from interlocutory orders. In point of fact, in his motion for reconsideration, Sheehan specifically requested review of the bankruptcy court's July 1, 2011 Memorandum Opinion and Order, and its August 2, 2011 Order. As discussed below, there are two reasons why both of these orders are interlocutory in nature.

First, the bankruptcy court's July 1, 2011 Memorandum Opinion and Order that denied Sheehan's first motion for summary judgment was not a final order because it was not immediately appealable. See Ahrenholz v. Board of Trustees of Univ. of Ill., 219 F.3d 674, 676 (7th Cir. 2000) ("A denial of a summary judgment motion is a paradigmatic example of an interlocutory order that normally is not appealable."); In re Lancelot Investors Fund, L.P., 467 B.R. 643, 646 n.1 (Bankr. N.D. Ill. 2012). Second, the bankruptcy court's August 2, 2011 Order, denying Sheehan's motion to reconsider that court's July 1, 2011 Memorandum Opinion and Order did not end litigation on the merits and leave "nothing for the court to do but

6

**SHEEHAN v. WARNER**                                              **1:13CV165, 1:13CV166**

**MEMORANDUM OPINION AND ORDER AFFIRMING
THE ORDER OF THE BANKRUPTCY COURT AND
DISMISSING CASES WITH PREJUDICE**

execute the judgment." Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.), 218 B.R. 643, 645 (B.A.P. 1st Cir. 1998).

Sheehan concedes that his motion for reconsideration did "ask the bankruptcy court to reverse issues resolved adversely" to him in the July 1, 2011 Memorandum Opinion and Order, and the August 2, 2011 Order. (1:13cv165; Dkt. No. 4). Moreover, during a hearing before the bankruptcy court, he admitted that those orders were interlocutory in nature. (1:13cv165; Dkt. No. 1-30). His present attempt to recharacterize his motion as one seeking review of the final order of the bankruptcy court is unavailing; from the face of the motion, as well as from a review of the surrounding circumstances, it is patently apparent that Sheehan is seeking review of interlocutory orders.

Given that fact, the proper time for Sheehan to have brought such a motion for reconsideration was prior to entry of final judgment by the bankruptcy court. Interlocutory orders are "subject to reconsideration at any time *prior to* the entry of a final judgment." Fayetteville Investors, 936 F.2d at 1469, 1472 (emphasis added). Courts may only review an interlocutory order up

7

**SHEEHAN v. WARNER**                     **1:13CV165, 1:13CV166**

**MEMORANDUM OPINION AND ORDER AFFIRMING
THE ORDER OF THE BANKRUPTCY COURT AND
DISMISSING CASES WITH PREJUDICE**

---

to the time it enters a final judgment in the case. <u>Akeva, L.L.C. v. Adidas America, Inc.</u>, 385 F.Supp.2d 559, 565 (M.D.N.C. 2005).

Here, a final order has been entered on which Sheehan seeks reconsideration. On November 29, 2011, the bankruptcy court granted Sheehan's alternative motion for summary judgment, (1:13cv165, dkt. no. 1-21), and closed the adversary proceeding, noting as it did so that the "court's order of November 29, 2011, was a final order, and no appeal has been filed." <u>Id</u>. The order closing the case also stated that Sheehan had informed the Clerk of Court that, as no further issues remained to be adjudicated in that adversary proceeding, it could be closed. <u>Id</u>. Sheehan then filed his motion for reconsideration on September 27, 2012, nearly ten months after entry of the final judgment by the bankruptcy court. Thus, it is clear that the bankruptcy court did not abuse its discretion when it denied Sheehan's Rule 60(b) motion as untimely.

## IV.

For the reasons discussed, the Court **AFFIRMS** the order of the bankruptcy court, **DENIES AS MOOT** Sheehan's motions for consolidation and to withdraw the reference, and **ORDERS** that these cases be **DISMISSED WITH PREJUDICE** and stricken from the Court's active docket.

**SHEEHAN v. WARNER**                                    **1:13CV165, 1:13CV166**

**MEMORANDUM OPINION AND ORDER AFFIRMING**
**THE ORDER OF THE BANKRUPTCY COURT AND**
**DISMISSING CASES WITH PREJUDICE**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and all appropriate agencies.

Dated: March 4, 2014.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE